## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

In re:                     )

                           )

       TRIANGLE MAINTENANCE   )      Case No. 11-15142

       SERVICE, LLC           )

                     )

       Debtor.            )

---

       TRIANGLE MAINTENANCE   )

       SERVICE, LLC           )

                     )

          Plaintiff       )      A.P. No. 12-01019

                     )

vs.                     )

                     )

       LIBERTY MUTUAL       )

       INSURANCE COMPANY    )

                     )

       Defendant.       )

## MEMORANDUM OPINION

      This adversary proceeding is before the Court on the Motion for Summary Judgment (the "Motion")(A.P. Doc. 23) filed by defendant Liberty Mutual Insurance Company ("Defendant") on December 13, 2012.  The plaintiff/debtor Triangle Maintenance Service, LLC ("Plaintiff") filed a Response to Defendant's Motion for Summary Judgment (the "Response")(A.P. Doc. 27) on January 24, 2013.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b) and the United States District Court for the Northern District of Mississippi's Order Of Reference Dated August 6, 1984.  This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A),(E) and (O).[1]  The Court must decide

---

[1] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7052. To the extent it may be determined that this Court does not have the power to enter final judgment with regard to the issues addressed herein, this

whether the Complaint was filed after the statute of limitations had run, and therefore, whether Defendant's Motion for Summary Judgment is due to be granted. No hearing on the Motion is necessary. The Court has considered the pleadings, the evidence, the briefs and the law, and finds and concludes as follows.

## I. FINDINGS OF FACT

The following facts are undisputed. Plaintiff is a Mississippi limited liability company doing business in Lowndes County, Mississippi, and is the debtor in the above-styled case. Panola Construction Company ("Panola") entered into a contract with Mississippi State University ("Owner") for the renovation of Spencer Track located in Starkville, Mississippi (the "Project"). Panola then entered into a subcontract with Plaintiff. The Project is identified in the contract as Spencer Track Renovations IHL #205-244. In accordance with § 31-5-3 *et seq.*, of the Mississippi Code, Panola, as principal on a construction project with a state entity, entered into a bonding contract with Defendant whereby Defendant acted as a surety for construction on the Project. When Panola later failed to pay Plaintiff, Plaintiff sought to collect under the bond.

Plaintiff filed a chapter 11 bankruptcy petition with this Court on November 3, 2011. On February 17, 2012, Plaintiff filed its Complaint, seeking payment under the bond and alleging that Plaintiff is owed $13,150.00 by Panola for Plaintiff's work on the Project. (A.P. Doc. 1).

The sole factual dispute, and the issue on which resolution of the Motion depends, is whether the last date Plaintiff performed labor was February 8, 2011, or February 18, 2011. For the reasons set forth below, this Court finds that the last date on which Triangle performed labor or supplied materials to Panola on the Project was February 8, 2011.

---

Memorandum Opinion may be considered proposed findings of fact and conclusions of law and/or a report and recommendation.

## II. CONCLUSIONS OF LAW

### A. Standard

Rule 56 of the Federal Rules of Civil Procedure governs the process by which a court will grant or deny a motion for summary judgment.[2]  Summary judgment is only appropriate if no genuine issue as to any material fact exists and if the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56; *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). The United States Supreme Court has made clear that summary judgment is appropriate:

> after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also Chan v. Coggins*, 294 F. App'x 934, 939 (5th Cir. 2008).

A court considering a motion for summary judgment must view evidence and make all inferences in the light most favorable to the non-movant. *Bryan v. McKinsey & Co.,* 375 F.3d 358, 360 (5th Cir. 2004).  However, as the Fifth Circuit and Supreme Court have made clear, the non-moving party does bear certain affirmative responsibilities as to issues on which that party bears the ultimate burden of proof:

> [a]s to issues on which the nonmoving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. The non-moving party must then go beyond the pleadings and designate 'specific facts showing that there is a genuine issue for trial.'

*U.S. for Use and Benefit of T.L. Wallace Const., Inc. v. Fireman's Fund Ins. Co.*, 790 F.Supp. 680, 682 (5th Cir. 1992) (quoting *Celotex*, 477 U.S. at 324).  A party may not successfully defeat a motion for summary judgment by simply denying that the moving party's claims and assertions

---

[2] Federal Rule of Bankruptcy Procedure 7056 incorporates without modification of Rule 56 of the Federal Rules of Civil Procedure.

are correct, without any supporting evidence.    As *Celotex* provides, "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323-24.

**B. <u>Statute of Limitations</u>**

The threshold issue raised in the Motion is whether this action is time-barred by the applicable statute of limitations.  The relevant statute provides, in relevant part:

> (b) When suit is instituted on a payment bond given in accordance with this chapter, it shall be commenced within one (1) year after the day on which the last of the labor was performed or material was supplied by the person bringing the action and not later.

MISS. CODE ANN. § 31-5-53 (West).  The original text of the law included a variety of possible commencement dates from which the statute of limitations would begin to run.  1994 Miss. Laws Ch. 626, § 4 (H.B. 875), *amended by* 2004 Miss. Laws. Ch. 452, § 1.  However, the law was amended in 2004 to its current form, with the goal "to clarify...the time and manner for bringing suits on such bonds" by eliminating the various dates that possibly started the running of the statute, and replacing them instead with one date: the last date that a subcontractor performed work on the project.  2004 Miss. Laws Ch. 452, § 1; (A.P. Doc. 24, Pg. 3).  Neither party disputes that the one (1) year statute of limitations applies in this case.  The dispute is concentrated on the specific date of last performance that the statute of limitations began to run.

Plaintiff filed its complaint on February 17, 2012 (A.P. Doc. 1).  In the Motion, Defendant asserts that "[t]he last date on which Triangle performed labor or supplied material to Panola on the Spencer Track project was no later than February 8, 2011..." (A.P. Doc. 23, Pg. 2).  Accordingly, Liberty Mutual contends that Triangle Maintenance missed the one year statute of limitations by 9 days, and thus this adversary proceeding is barred by the statute of limitations.

4

In its Response, Plaintiff alleges instead that the last day work was performed was not February 8, 2011, but was February 18, 2011. Further, Plaintiff makes the unsupported allegation that the work done leading up to and on February 18, 2011 was substantial and necessary to the overall project, and without which the project could not be considered to be substantially complete. (A.P. Doc 28, Pg. 3). Therefore, by its calculations, Plaintiff met the statute of limitations by one day. (A.P. Doc. 27).

C. **Evidentiary Submissions**

Defendant supports its contention that this suit is barred by the statute of limitations with evidence of payroll records which were produced and submitted by Plaintiff. (A.P. Doc. 23, pg. 2). This document is further explained in the affidavit of Nick Warren, an employee of Panola, who was the Project manager. (A.P. Doc. 23, Ex. 4). According to the payroll record, the last day for which non-remedial work was documented was Tuesday, February 8, 2011. (A.P. Doc. 23, Ex. 3). The payroll record covers the week ending on February 12, 2011, but it is plainly clear from notations for each individual day that no hours of work were recorded after February 8, 2011. This payroll record was prepared by Plaintiff, produced by Plaintiff, and is the last report that Plaintiff produced to Defendant. (A.P. Doc. 29, Pg. 2).

Plaintiff points to Exhibits 1, 2 and 3 in Plaintiff's Response to Motion for Summary Judgment as evidence of its assertion that work was done on February 18, 2011. Exhibit 1 is the affidavit of Scott Hannon (the "Affidavit")(A.P. Doc. 28, Ex. 1). The entire body of the Affidavit provides only:

> PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the above county and state, the within named SCOTT HANNON, who after being by me duly sworn and deposed, stated on oath that the facts stated in Plaintiff's Response to Defendant's Motion for Summary Judgment are true and correct to the best of his knowledge, information, and belief.

5

(A.P. Doc. 27, Ex. 1). There is no background information offered, nor any explanation of Scott Hannon's involvement, experience with, or knowledge of, the Project. No affirmative facts are set forth in the Affidavit and no other documents are referenced.

Rule 56(e) of the Federal Rules of Civil Procedure provides in pertinent part that "[s]upporting...affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED.R.CIV.P. 56(e); *see also Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 191 (5th Cir. 1991). Absent from the affidavit of Scott Hannon are any of the 56(e) requirements, such as affirmative evidence that the affiant is competent to testify, or facts as would be admissible at trial. Several courts have held that pleadings based upon an affiant's "information and belief" are "insufficient for the purposes of opposing a motion for summary judgment." *Price v. Rochford,* 947 F.2d 829, 832 (7th Cir. 1991); *see also Canada v. Blain Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir. 1987); *Perez v. Alcoa Fujikura, Ltd.,* 969 F.Supp. 911, 997-98 (W.D. Tex. 1997)(affidavits must meet the requirements of Rule 56(e) in order to be considered in support of or in opposition to a motion for summary judgment). Without meeting the minimum requirements as set forth in Rule 56(e), or offering any specific testimony of the affiant, Plaintiff's Exhibit 1 offers no authenticated evidence that can be considered by this Court.

Next, Exhibit 2 (A.P. Doc. 28, Ex. 2), referred to as "Job Diary", purports to be an entry from the job diary/log of Paul Cravens, who is presumably affiliated with Plaintiff and was involved in the Project. (A.P. Doc. 27, Pg. 2). Plaintiff offers this job diary as evidence of work done on the Project on February 18, 2011, as verified (presumably) by the date and written description of work completed on the form. The written contents of the form are exclusively

6

limited to (1) the name (or possibly signature) of Paul Cravens under the title "Supervisor", (2) the handwritten date which reads "Fri. 2/18/11", (3) under a form section labeled "Work Completed", a handwritten notation that reads "repair joints", and then finally (4) under the section for "Weather", a handwritten notation that simply reads "fair". (A.P. Doc. 28, Ex. 2). In neither the Plaintiff's Response, nor the Memorandum of Authorities in Response to Defendant's Motion, does Plaintiff delve into a sufficient explanation or analysis of this exhibit. The Affidavit does not authenticate or explain this document in any way. In its Memorandum of Authorities, Plaintiff simply states "The Job Diary plainly shows Paul Cravens was on the job until February 18, 2011, on which day Triangle Maintenance repaired joints." (A.P. Doc. 27, Pg. 2). Aside from this statement, Plaintiff only refers to Exhibit 2 in passing and in conjunction with Exhibits 1 and 3 as evidence of the general claim that work was done on the Project on February 18, 2011. *See generally, Plaintiff's Response to Defendant's Motion for Summary Judgment*, A.P. No. 12-01019-JDW, Document 27, Pg. 2-3; *Memorandum of Authorities in Response to Defendant's Motion for Summary Judgment*, A.P. No. 12-01019-JDW, Document 28, Pg. 2-4 (*e.g.* "...Triangle Maintenance performed crucial aspects of the project on February 18, 2011, including cleaning and repairing joints, as opposed to only making final inspections or taking measurements for a final estimate. Exhibits 1-3, Plaintiff's Response to Motion for Summary Judgment.").

Plaintiff's Exhibit 2 is as equally inconclusive as the Affidavit and also lacks any form of authentication. The Affidavit makes no mention of Exhibit 2. "It is well settled that unauthenticated documents cannot be considered on a motion for summary judgment." *Perez*, 969 F.Supp. at 997.

> In order to be considered by the court, 'documents must be authenticated by and attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and

the affiant must be a person through whom the exhibits could be admitted into evidence.'

*Id., quoting Burnett v. Stagner Hotel Courts, Inc.,* 821 F.Supp. 678, 683 (N.D. Ga. 1993) *aff'd* 42 F.3d 645 (11th Cir. 1994); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1550-51 (9th Cir. 1989). As the affidavit of Scott Hannon fails to meet Rule 56(e) requirements, so too does it consequently fail to authenticate (or explain) any other exhibits offered by the Plaintiff.

Lastly, Exhibit 3 (A.P. Doc. 28, Ex. 3), labeled as "Triangle Maintenance's Payroll Record," presumably reflects the schedule of disbursement of checks to Plaintiff's employees. In its Response, Plaintiff states that (referring to a specifically bracketed/denoted portion of the document) this exhibit shows the pay period from February 13, 2011 through February 19, 2011. As with Exhibit 2, Plaintiff does not offer any substantial explanation of this document or how it supports Plaintiff's position that the company was supplying labor on February 18, 2011. Again, this exhibit is merely cited along with Exhibits 1 and 2, and no reference or explanation is provided in the Affidavit. *Plaintiff's Response,* A.P. No. 12-01019, Doc. 27, Pg. 2 ("The last date on which Triangle Maintenance performed labor or supplied material to Panola on the Spencer Track project was February 18, 2011. Exhibit 1, Affidavit of Scott Hannon, Exhibit 2, Job Diary, Exhibit 3, Cost detail and Payroll Records."). Plaintiff points to Exhibit 3 as evidence of substantial work done on the Project on February 18, 2011. (A.P. Doc. 28, Ex. 3). There is nothing on or attached to the exhibit that attempts to explain what this document is, who made or prepared it, or who made the handwritten notations. As stated above, unauthenticated evidence cannot be considered by the court supporting, or opposing, a motion for summary judgment. *Perez,* 969 F.Supp. at 997.

8

This Court reiterates that summary judgment is only appropriate if no genuine issue as to any material fact exists and if the movant is entitled to a judgment as a matter of law. FED. R. BANKR. 7056; *Moore,* 233 F.3d at 874. The U.S. Supreme Court has held that this standard for summary judgment "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. Given the facts, pleadings and documents presented by both parties, summary judgment is appropriate, *even* acknowledging and applying the rigorous standards for summary judgment. While the non-movant Plaintiff – towards whom the court is directed to view evidence most favorably – contends that the date labor was last supplied remains a material fact in genuine dispute, it has failed to provide any admissible or sufficient evidence to support this contention. As the Supreme Court held in *Celotex,* "the burden on the moving party may be discharged by 'showing'-this is, pointing out to the district court-that there is an absence of evidence to support the non-moving party's case." *Celotex,* 477 U.S. at 325. Defendant has met this burden and Plaintiff has failed to rebut it with sufficient evidence. Despite recognizing that this Court must view the evidence for summary judgment in a light most favorable to the non-moving party, this Court cannot ignore the legal reality that should Plaintiff fail to offer any real evidence that its complaint was timely filed within the one year statute of limitations, Defendant is entitled to a summary judgment. *Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 549-550 (5th Cir. 1989).

### D. **Last Date of Work Performed**

Even assuming, *arguendo*, that Plaintiff's exhibits were properly before the Court, summary judgment would still be appropriate (although it would be a closer case). In support of

9

its Motion, Defendant relies on a limited, but persuasive, body of law interpreting Mississippi
Code § 35-5-53 and the Miller Act. 40 U.S.C. §§ 3131-3134. The Miller Act, the federal law
from which the Mississippi statute is derived, requires that primary contractors on government
construction contracts post bonds guarantying performance of their duties under the contract as
well as payment to subcontractors and suppliers. As Defendant points out, the Mississippi
statute's language was "taken verbatim from... the Miller Act addressing the rights of persons
furnishing labor or material to subcontractors engaged in public works projects." Further, the
Mississippi legislature has repeatedly kept amendments to § 35-5-53 in step with those made to
the Miller Act. *Key Constructors, Inc. v. H&M Gas Company*, 537 So.2d 1318, 1321 (Miss.
1989). While cases specifically addressing the Mississippi statute are somewhat sparse, those
interpreting the Miller Act and its statute of limitations are more plentiful, and can offer valuable
guidance.

       The one year limitation is jurisdictional, and compliance with the limitation period is a
condition precedent to maintaining an action. *See United States for the Benefit of Celanese
Coatings Co. v. Gullard*, 504 F.2d 466 (9th Cir. 1974); *United States ex rel. Dover Elevator Co.
v. General Ins. Co. of America*, 339 F.2d 194 (6th Cir. 1964); *United States for Use and Benefit
of Soda v. Montgomery*, 235 F.2d 509 (3rd Cir. 1958); and *United States v. Seaboard Sur. Co.*,
201 F. Supp. 630 (N.D. Tex. 1961). Other litigation, including the pendency of a bankruptcy
petition, does not automatically toll the statute, especially given that the Plaintiff in this case is
the debtor, and the stay therefore would not apply to bar the action. *See United States for Use
and Benefit of American Bank v. C.I.T. Const. Inc. of Texas*, 944 F.2d 253 (5th Cir. 1991)
(bankruptcy statute providing two-year extension for limitations period which have not expired
at time bankruptcy petition is filed did not apply to extend one-year Miller Act limitations period

for action brought by creditor). Thus, the last day on which Plaintiff must have supplied labor on the Project - in order to have been within the statute of limitations - was February 18, 2011 or later.

Defendant cites to those decisions from the Fifth Circuit and beyond which clarify procedures for establishing the final date of labor performed from which the statute of limitations will run. Most important for determination of this particular action, Defendant cites those cases which make clear that "remedial or corrective work, or work in the nature of inspections does not extend the period." (A.P. Doc. 24, Pg. 3); *U.S. for Use and Benefit of T.L. Wallace Const., Inc. v. Fireman's Fund Ins., Co.*, 790 F.Supp. 680 (S.D. Miss. 1992). In *T.L. Wallace*, the Southern District of Mississippi stated that, "[a]s a general rule, remedial or corrective work, or inspection of work already completed, does not fall within the meaning of 'labor' and will not extend the one-year limitations period." *T.L. Wallace*, 790 F.Supp. at 683. Further, the *Wallace* court clarified that the exclusion of remedial work held true, "even if performed as a contractual duty, if such remedial or corrective work was neither significant nor crucial to the operation of functioning of the project." The Fifth Circuit has echoed this same rule in a number of cases, including *General Insurance Company of America v. United States for Use and Benefit of Audley Moore & Son*, 409 F.2d 1326 (5th Cir. 1969) in which the court held that a party can perform corrective work under a contract without it constituting "labor" for purposes of the one year statute. *Id.* at 1327; *see also, United States for Use and Benefit of Gulf States Enterprises, Inc. v. R.R. Tway, Inc.*, 938 F.2d 583 (5th Cir. 1991) (subcontractor could not use its own discretionary act to its advantage in delaying running of the statute); *Johnson Service Company v. Transamerica Insurance Company*, 485 F.2d 164, 173 (5th Cir. 1973) ("Defendants are correct in their statement of the general rule that 'repairs' are not sufficient to toll the notice period.").

Allowing remedial or corrective work to toll the statute of limitations is an idea generally rejected outside the courts of Mississippi and the Fifth Circuit as well. In *United States ex rel. Austin v. Western Electric Co.*, 337 F.2d 568 (9th Cir. 1964), the Ninth Circuit held that correction of errors is insufficient to extend the time for filing suit. Likewise, the Fourth Circuit held in *U.S. for Use of Magna Masonry, Inc. v. R.T. Woodfield, Inc.*, 709 F.2d 249 (4th Cir. 1983), that "finding no work done ... that can be characterized as anything other than the making of repairs or the correcting of defects, we conclude that the filing of this action... was barred by the one year limitations period." *R.T. Woodfield*, 709 F.2d at 251. In *U.S. for Use of State Elec. Supply Co. v. Hesselden Const. Co.*, 404 F.2d 744 (10th Cir. 1968), the Tenth Circuit recognized the possibility of a potentially unending series of events that could toll the one year statute of limitations. The court held that the plaintiff could not continuously extend the time for the running the statute of limitations by correcting defects, some of which may not even be discovered until well after a year from the project completion. *Hesselden*, 404 F.2d at 776. Lastly, the Middle District of Pennsylvania has expressed the same concern as that of the Tenth Circuit in *Hesselden*. In *U.S. for Use of McGregor Architectural Iron Co. v. Merritt-Chapman & Scott Corp.*, 185 F.Supp. 381 (M.D. Pa. 1960), the court opined that "[i]f Plaintiff could extend the time by correcting a defect... the time for such notice might remain in chaos and depend upon the discovery of defects in construction over a year or more after completion." *McGregor*, 185 F.Supp. at 383; *aff'd* 688 F.2d. 827 (3rd. Cir.) *without opinion*.

Plaintiff does not dispute the exclusion of remedial or corrective work from the statute of limitations analysis. (A.P. Doc. 28, Pg. 3). Instead, Plaintiff maintains that the final day of work on the Project was not February 8, but February 18, 2011. According to the Response, work

done on February 18 was not corrective in nature, but instead was essential to the overall project, and would therefore qualify the Complaint as meeting the statute of limitations. (A.P. Doc. 28).

In its Response and accompanying Memorandum, Plaintiff addresses just two of the abovementioned cases cited by Defendant in support of its Motion for Summary Judgment. First, addressing the seemingly analogous *T.L. Wallace*, Plaintiff concedes that "[t]he court held that 'labor' does not include remedial or corrective work, if such remedial or corrective work was neither significant nor crucial to operation of functioning of project." [sic] (A.P. Doc. 28, Pg. 3)(*citing T.L. Wallace*, 790 F.Supp. at 683, 685). Plaintiff attempts to distinguish its present situation from that of *Wallace* by stating that (1) the last day work was performed was February 18, 2011, as evidenced from the payroll records, and that (2) the work done on that day "included cleaning and repairing joints, significant and crucial aspects of the project as a whole," as evidenced by Exhibits 1 and 2. *Id.* According to Plaintiff's explanation in its Response (but not in the Affidavit or any other evidence), this work is patently different from that rejected by the court in *Wallace*, which included the repair of a cracked column and some repainting. *Id; citing to T.L.* Wallace, 790 F.Supp. at 683. There is no attempt made to explain how these two types of work are different. Plaintiff further claims that its payroll records are distinguishable from the facts in *Wallace*, in that in *Wallace*, the subcontractor submitted its last payroll record in September 1988, and then later conceded that it had "substantially completed" its work in September 1988 but failed to bring suit until March 1991. In contrast, Plaintiff contends it "completed its last day of significant and crucial labor on February 18, 2011, and filed suit less than one year later, on February 17, 2012." *Id.* The only apparent distinction in this example is that the subcontractor/plaintiff in *Wallace* admitted that he was outside the statute of limitations, while Plaintiff in this case has not.

Plaintiff addresses only one other statute of limitations case, *General Insurance Co. of America v. U.S. for Use and Benefit of Audley Moore & Son*. Plaintiff points out that in *Audley Moore*, the subcontractor went to the job site "to take measurements to prepare his final estimate" and that "[t]his visit to the premises occurred several weeks after his activity had ceased and his final payroll had been submitted." (A.P. Doc. 28, Pg. 3-4); *citing to Audley Moore*, 409 F.2d at 1327. Plaintiff's defense is that the facts of the instant case and those of *Audley Moore* are "distinguishable...most notably because Triangle Maintenance performed crucial aspects of the project on February 18, 2011, including cleaning and repairing joints, as opposed to only making final inspections or taking measurements for a final estimate." *Id.* (citing to Plaintiff's Exhibits 1-3 as support for its claim). No other evidence or further explanation is offered to elaborate on how these two examples differ from one another.

There is nothing in the evidence which could adequately suggest that work was done on February 18, 2011, was "significant and crucial" to the Project as a whole other than an unsupported argument in the Response. As already stated, Exhibit 1 is an effectively meaningless affidavit. Not only does it fail to provide the information needed to amount to an authentication, but it fails to even list any specific facts or statements of the affiant. The Court can do nothing with an affidavit which simply purports to give the vague endorsement of a brief.

As for Exhibit 2, there is nothing in the document which suggests that work done on February 18 (if any) was anything more than remedial and/or corrective. By its own (and only) description, the work done was to "repair joints." Nothing could be more literally indicative of remedial or corrective work than the word "repair." As both parties and various courts agree, such work is excluded from the statute of limitations analysis. *See e.g., T.L. Wallace*, 790

14

F.Supp. at 683; *Magna Masonry Inc.,* 709 F.2d at 250; *Hesselden Construction,* 404 F.2d at 774;

*United States ex rel. Austin v. Western Electric,* 337 F.2d at 568.

With regard to Exhibit 3, substantively, no useful information or evidence can be

gleaned from its contents. The payroll record – purportedly maintained by Plaintiff – shows a

series of paychecks being issued related to the Spencer Track Project with dates ranging from

December through late February. (A.P. Doc. 27, Exhibit 3). As Defendant points out in its

Reply in Support of Defendant's Motion for Summary Judgment:

> [a] box has been drawn around the February 25, 2011 series of paychecks, and a
> notion has been made explaining that 'This pay period would be 2/13/11 through
> 2/19/11.' No further explanation is given concerning what this document is or who
> made the notations...

(A.P. Doc. 29, Pg. 3). Ignoring momentarily the authentication issues, this exhibit cannot serve

to defeat or even counter the Motion, as it provides no specific information or evidence that any

work was completed on February 18, 2011 but rather just covers a range of dates. As Defendant

asserts,

> the exhibit may do nothing more than prove that a Triangle employee last worked
> at the site on February 14, 2011 – still making the Complaint untimely since it
> was filed February 17, 2012. Exhibit 3 could just as easily be used to prove that
> the complaint was filed *outside* the statute of limitations, instead of the opposite.

*Id.*

Lastly, even if this payroll record *was* authenticated, and *did* prove that a Triangle

employee was paid for work done on February 18, 2011, there would still be no evidence or even

indication that the work done was anything more than remedial or corrective. As Plaintiff

concedes, remedial or corrective work is generally not considered as "supplying labor" for

purposes of commencing the statute of limitations. (A.P. Doc. 28, Pg. 3, *citing T.L. Wallace*

*Const. Inc. v. Fireman's Fund Ins. Co.,* 790 F.Supp. at 683).

As for the related and applicable case law, Plaintiff dismisses Defendant's emphasis on

*T.L. Wallace* by simply stating that:

> *Wallace* does not directly rule on Mississippi Code Annotated § 31-3-53(b);
> rather, the case interprets the Miller Act...which applies to bringing suit for
> unpaid amount under a contract for construction, alteration, or repair of a public
> building of the United States.

(A.P. Doc. 28, Pg. 2).  While Plaintiff is not incorrect in its statement, it ignores the fact that the

language of Mississippi Code Annotated § 31-5-53 was taken verbatim from the Miller Act.  *Key*

*Constructors, Inc.*, 537 So. 2d at 1321 ("The particular portion of the Mississippi Code at issue

in this case, Section 31-5-51(3), appears to have been taken verbatim from that portion of the

Miller Act addressing the rights of persons furnishing labor or material to subcontractors

engaged in public works projects. See 40 U.S.C. § 270(b).").

Plaintiff merely summarizes that "[t]he case at hand is easily distinguishable from the

facts of *Wallace*. In the instant case... the last day of work was February 18, 2011. The work on

February 18 included cleaning and repairing joints, significant and crucial aspects of the project

as a whole." (A.P. Doc. 28, Pg. 3).  As already stated, Plaintiff does not support this statement

with any admissible evidence.  Further, none of the exhibits even attempt to show that work done

on or after February 18, 2011 could be characterized as "significant and crucial aspects of the

project as a whole." Despite referencing the "significant and crucial" language from *Wallace*, the

Plaintiff makes no attempt to actually demonstrate or explain the nature of its work.

Similarly, in discussing *Audley Moore* Plaintiff simply states that the cases are

"distinguishable." (A.P. Doc. 28, Pg. 4).  Plaintiff makes a repeated, imprecise reference to the

abovementioned "crucial aspects of the project", and points out that the subcontractor's final

actions in *Audley Moore* took place several weeks after his work was completed, whereas "[i]n

contrast, Triangle Maintenance worked up to and including February 18, 2011." Not only is this

comparison irrelevant (this Court has found no case which distinguishes remedial work done immediately after project completion, as opposed to several weeks or months after completion; in either event it is irrelevant for statute of limitations purposes), but it says nothing about whether or not Plaintiff's work was "a crucial aspect of the project." *Id.*

The precedent of rejecting remedial work from the running of the statute of limitations is not without exception. Though not cited by Plaintiff, the Court does note at least two cases from the Fifth Circuit Court of Appeals in which arguably remedial work was held to be sufficient for the purposes of tolling the statute of limitations in cases brought under the Miller Act. In *Trinity Universal Insurance Company v. Girdner*, 379 F.2d 317 (5th Cir. 1967), the Fifth Circuit held that (given a liberal construction of the Miller Act), "the 'last labor or materials' language is broad enough to include work performed upon demand of the government to correct defects in the work originally completed." *Trinity*, 379 F.2d at 318. In this the case before the Court, there is no evidence from either party that Panola or the Owner made any sort of request or demand of the Plaintiff to come back to the Project to finish work.

Second, in *Johnson Service Co. v. Transamerica Insurance Co.*, 485 F.2d 164 (5th Cir. 1973), the court held that substantial work done to an air conditioning unit fell within the range of conduct sufficient to extend the limitations period. *Transamerica*, 485 at 174. The facts of that case reveal that the air conditioning unit would not have been a workable installation without the subsequent repairs. *Id. Transamerica Insurance* also stands for the proposition that "each case must be judged on its own facts and that sweeping rules about 'repairs' offer little help in the necessary analysis." *Id.* This Court would be remiss if it failed to point out that under this principal, if Plaintiff had provided sufficient admissible evidence, even that of

17

remedial work being done on February 18, 2011, this might have been sufficient to defeat summary judgment. However, this Court cannot consider evidence that simply is not there.

## III.  CONCLUSION

As the Fifth Circuit held in interpreting *Celotex*, "[a]lthough inferences favorable to the non-movant must be accepted in a motion for summary judgment, summary judgment is nonetheless appropriate against a party who fails to make a showing sufficient to establish an element essential to the party's case." *Mississippi Valley State Univ.*, 871 F.2d at 549-550. Despite casting the most generously favorable light on the evidence and pleadings of Plaintiff, this Court concludes that there is a dearth of proper evidence which might support denying Defendant's Motion. As the last day of work was performed on February 8, 2011, and Plaintiff did not file its Complaint until February 17, 2012, the Complaint was filed outside the statute of limitations. Thus, there is no genuine issue of material fact as to the threshold statute of limitations issue, and Defendant is entitled to a judgment as a matter of law.

Based on these findings and conclusions, summary judgment for Defendant based on the statute of limitations is appropriate in this case. A separate Order and Final Judgment will be entered.

Jason D. Woodard
United States Bankruptcy Judge

18